IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUCY WEAVER,
    Plaintiff,

vs.                                Case No.:  3:06cv426/LAC/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This action was initiated under the Social Security Act to obtain judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits (Doc. 1).  Pending is Defendant's Motion to Reverse and Remand pursuant to sentence four of Title 42 U.S.C. § 405(g) (Doc. 16).  Defendant has certified that Plaintiff has no objection to this motion.

        Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  In the instant case, the Commissioner states that remand is appropriate to enable the Administrative Law Judge to:

> hold a hearing and ensure that he has obtained all of Plaintiff's treatment records. The ALJ will obtain medical expert and vocational expert evidence.   He will be instructed to carefully explain the bases for his credibility and residual functional capacity findings, with specific citations to the evidence in accordance with controlling regulatory and case authority, including specific citations to the evidence and discussion of relevant treating and consulting physician opinions.  Unless very important new evidence arises and is relevant to the proper time period, the ALJ's residual functional capacity should include both mental and physical work-related limitations.  The ALJ also should determine if there is other work in the national economy which Plaintiff could perform.  On remand, the Commissioner will also

consolidate Plaintiff's subsequent, September 28, 2006 application for Title XVI benefits with the claim that is the subject of this case.

(Doc. 16, Memorandum in Support at 1–2).  Based upon the foregoing, this court concludes that good cause has been shown for remand.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Defendant's Motion to Remand (Doc. 16) be **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

2.  That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3.  That Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.

4.  That the Court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

At Pensacola, Florida, this 18th day of May 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**